UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Drew Brinson, #88734-071, | ) | |
|---|---|---|
| *a/k/a Drew H. Brinson,* | ) | |
| *a/k/a Drew Howard Brinson*, | ) | C/A No. 6:12-2075-DCN-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| M. Rivera, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner, Drew Brinson ("Petitioner"), is a federal prisoner proceeding *pro se*, who files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the execution of his sentence by the Bureau of Prisons ("BOP") in its application of the Inmate Financial Responsibility Program to Petitioner's payment of court-ordered restitution. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, the assigned magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the district court.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. This court is charged with reviewing a petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" and dismissing such petitions. Rules Governing Section 2254 Cases, Rule 4; *see also* Rules Governing Section 2254 Cases, Rule 1(b) (a district court may apply rules governing § 2254 habeas petitions to § 2241 petition). This court is also required to

construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a failure to allege facts which set forth a claim currently cognizable in federal a district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner was convicted in this district court on June 16, 1993, for bank robbery and use of a firearm in a bank robbery. *United States v. Brinson*, Case No. 5:92-CR-387-CES (DSC). In addition to a sentence of imprisonment, the October 1, 1993, criminal judgment ordered Petitioner to pay "restitution in the amount of $4,430.00 to [the bank] thru participation in the Federal Bureau of Prisons Inmate Financial Responsibility program." *Id*. Petitioner served a state criminal sentence prior to being taken into federal custody and being imprisoned at a BOP facility to complete his federal criminal sentence.

The BOP's Inmate Financial Responsibility Program ("IFRP") is a voluntary program that encourages "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R § 545.10. The program allows for the development of a financial plan so that inmates may satisfy obligations, such as restitution payments, while imprisoned. *See id.* § 545.11(a). To encourage participation in the IFRP, an inmate who

refuses to comply with an established financial plan may lose some privileges and eligibility for community-based programs. *See id.* § 545.11(d).

While an inmate at a Kentucky BOP facility in November of 2010, Petitioner made payments from his wages through the IFRP to be applied towards the court-ordered restitution, and he continued making payments until May 4, 2012. ECF No. 1 at 2. When Petitioner was transferred to FCI-Estill, a BOP facility in South Carolina, his employment and wages changed, so his payments under the IFRP were evaluated. *Id*. Petitioner contends that his current job only pays $20 per month, so he offered to pay $25 per quarter, but his case manager insists that his IFRP payment must be $50 per quarter, which only leaves Petitioner $10 from wages per quarter. *Id*. at 3. Petitioner did not agree to the $50 per quarter amount and was placed on IFRP refusal status, with his month's wages for June taken. *Id*. Sanctions for the IFRP refusal status were implemented on June 21, 2012. ECF No. 1-1 at 8.

While at the Kentucky BOP facility, Petitioner initiated the BOP's Administrative Remedy Program to lower the amount he was paying towards restitution under the BOP's IFRP from $50 a month to $25 a month. ECF No. 1 at 2. Petitioner states he included exhibits regarding his use of the BOP's Administrative Remedy Program, as well as information concerning his prison financial account; however, no such exhibits were received and docketed with the petition. Petitioner states that on June 20, 2012, he received the final disposition from the BOP regarding the Administrative Remedy Program that he initiated almost two years earlier while in the Kentucky BOP facility. Petitioner indicates the final decision made on January 20, 2012, which the BOP extended from a

3

due date of November 21, 2011, was not received by Petitioner for another six months, and the BOP's delays made the decision irrelevant. The petition indicates Petitioner exhausted administrative remedies concerning the IFRP issue that arose during his incarceration at the Kentucky BOP facility, and he now relies on that process as administrative exhaustion for his current IFRP issue at FCI-Estill. Petitioner files this § 2241 petition seeking to receive a designation of "IFRP Exempt," which will lift the sanctions associated with his IFRP refusal status. *Id*. at 7.

**Analysis**

Petitioner is challenging the application of the BOP's financial program, the IFRP, to payment of his court-ordered restitution, which is properly brought as a petition for habeas relief under 28 U.S.C. § 2241. *See United States v. Childs*, 126 F. App'x. 96 (4th Cir.2005) (unpublished) (challenge to implementation of criminal fines does not seek release from custody, and thus arises under § 2241). Petitioner contends that the "BOP's collection of restitution payments from him contravenes the Mandatory Victims Restitution Act of 1990 (MVRA) because the sentencing court did not set a schedule of payments for his period of imprisonment," as required by 18 U.S.C. § 3664(f)(2). ECF No. 1 at 5. Petitioner quotes § 3664(f)(2), which states, "[u]pon determination of the amount of restitution owed to each victim, the court shall, *pursuant to section 3572*, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid. . . ." *Id*. (emphasis added). Petitioner's argument, however, does not acknowledge the reference in § 3664(f)(2) to the application of 18 U.S.C. § 3572 to the payment of restitution.

4

In Petitioner's case, the order sets the amount of restitution, but does not establish a set payment schedule, so applicable law makes payment due immediately. *See* 18 U.S.C. § 3572(d) ("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment *immediately* . . . unless the court establishes another schedule.")(emphasis added). The requirement to make payment immediately indicates fines and restitution "are to be paid to the greatest extent possible and as soon as possible." *Summersett v. Baucknecht*, 496 F.Supp.2d 636, 639 (D.S.C. 2007) (citing *Coleman v. Brooks*, 133 F. App'x. 51, 53 (4th Cir. 2005) (unpublished)). Participation in the IFRP "is only a vehicle for ensuring payment is made," and the "program only 'provides Petitioner a *means* to comply with the court directive and statutory requirement to pay immediately.'" *Id.* at 640 (quoting *Webb v. Hamidullah*, No. 0:06-422-HFF-BM, 2006 WL 1946441 (D.S.C. July 11, 2006)).

Petitioner's court imposed restitution was due immediately, or as soon as possible, so the BOP's application of the IFRP to encourage Petitioner to make progress towards meeting his financial obligation does not violate the court's authority to set the amount and timing for fine payments. *See United States v. Miller*, 77 F.3d 71, 77–78 (4th Cir. 1996) (sentencing court may not delegate to the BOP the court's statutory authority under 18 U.S.C. § 3572(d) to set the amount and timing for fine payments). Unlike the judgment in *Miller*, the order in Petitioner's case does not affirmatively delegate the task of setting payment amounts and timing to the BOP. Further, the "[p]articipation in the Inmate Financial Responsibility Program (IFRP) does not establish a violation of *Miller*." *Coleman*, 133 F. App'x. at 53.

Additionally, the majority of the circuits have upheld the BOP's authority to implement the IFRP in the face of various challenges. *See, e.g., United States v. Watkins*, 161 F. App'x 337 (4th Cir.2006) (unpublished) (holding that the BOP placement of an inmate in the IFRP is not an impermissible delegation of authority); *Durham v. Hood*, 140 F. App'x 783, 785 (10th Cir.2005) (unpublished) (holding that the BOP has authority to set payment schedules under IFRP); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court imposed fine); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir.1990) (BOP did not exceed statutory authority, nor depart from agency regulations, by administering IFRP to collect court-ordered civil judgments or fines); *James v. Quilan*, 866 F.2d 627, 631 (3d Cir.1989) (IFRP serves a valid penological objective of rehabilitation by facilitating repayment of debts, so not violation of due process). Additionally, challenges to the constitutionality of the program uniformly fail. *Davis v. Wiley*, 260 Fed. Appx. 66, 68 (10th Cir.2008) (unpublished) ("Every court to consider a challenge to the IFRP's constitutionality has upheld it."). The applicable law supports a finding that the BOP may apply the IFRP to encourage Petitioner's payment of his court-ordered restitution. The petition in this case, therefore, does not establish that the BOP is improperly using the IFRP as an avenue to collect Petitioner's restitution debt. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) ("Nothing barred the BOP from ensuring pursuant to the IFRP that [defendant] make good-faith progress toward satisfying his court-ordered obligations."); *see also* 28 C.F.R. § 545.11 (2004) (requiring inmates to make payments towards court-ordered obligations). The petition does not establish that Petitioner is entitled to relief

pursuant to 28 U.S.C. § 2241.

## Recommendation

Accordingly, it is recommended that the Petition for Writ of Habeas Corpus in this case be dismissed *without prejudice*.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

September 11, 2012<br>
Greenville, South Carolina

**The petitioner's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).